THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE S. MIDDLETON (SBN: 157866)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5010
    Facsimile: (213) 894-0141
    Email: lawrence.middleton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 08-208(A)-PSG |
|                Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>CALVIN THOMAS</u> |
|             v. | |
| CALVIN THOMAS,<br>    aka "Frog,"<br>JAMES RUSSELL HAMPTON, III,<br>    aka "Q-102," and<br>ERIC ANDRE THOMAS<br>    aka "E-Rock," | |
|             Defendants. | |

    1.  This constitutes the plea agreement between CALVIN THOMAS ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<u>PLEA</u>

    2.  Defendant agrees to plead guilty to count two

1 | of the First Superseding Indictment in <u>United States v. Calvin</u>
2 | <u>Thomas, et. al</u>, CR No. 08-208(A)-PSG.

3 | <u>NATURE OF THE OFFENSE</u>

4 |    3.   In order for defendant to be guilty of count two,
5 | which charges a violation of Title 21, United States Code,
6 | Sections 856, the following must be true: (1) defendant knowingly
7 | opened, leased, rented, used, or maintained a place (in this
8 | case, the residence and property located at 235 East 102nd
9 | Street, Los Angeles, California); and (2) defendant did so for
10 | the purpose of manufacturing, distributing or using a controlled
11 | substance (in this case marijuana).  Defendant admits that
12 | defendant is, in fact, guilty of this offense as described in
13 | count two of the First Superseding Indictment.

14 | <u>PENALTIES</u>

15 |    4.   The statutory maximum sentence that the Court can impose
16 | for a violation of Title 21, United States Code, Section 856 is:
17 | 20 years imprisonment; a three-year period of supervised release;
18 | a fine of $500,000; and a mandatory special assessment of $100.

19 |    5.   Under 21 U.S.C. § 862a, defendant may not be eligible
20 | for assistance under state programs funded under the Social
21 | Security Act or Federal Food Stamp Act and will not be eligible
22 | for federal food stamp program benefits; furthermore, any such
23 | benefits or assistance received by defendant's family members
24 | will be reduced to reflect defendant's ineligibility.

25 |    6.   Supervised release is a period of time following
26 | imprisonment during which defendant will be subject to various
27 | restrictions and requirements.  Defendant understands that if
28 |

2

defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

9.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 12 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing until in or about April 2008, defendant Calvin Thomas knowingly maintained

1  and used a residence, located at 235 East 102nd Street, Los
2  Angeles, California for the unlawful purpose of distributing and
3  using marijuana.  Specifically, on or about January 30, 2008,
4  defendant maintained and used the residence to store with intent
5  to distribute approximately 475.8 grams of marijuana.

6                    WAIVER OF CONSTITUTIONAL RIGHTS
7       10.  By pleading guilty, defendant gives up the following
8  rights:
9            a) The right to persist in a plea of not guilty.
10           b) The right to a speedy and public trial by jury.
11           c) The right to the assistance of legal counsel at
12  trial, including the right to have the Court appoint counsel for
13  defendant for the purpose of representation at trial.  (In this
14  regard, defendant understands that, despite his plea of guilty,
15  he retains the right to be represented by counsel -- and, if
16  necessary, to have the court appoint counsel if defendant cannot
17  afford counsel -- at every other stage of the proceeding.)
18           d) The right to be presumed innocent and to have the
19  burden of proof placed on the government to prove defendant
20  guilty beyond a reasonable doubt.
21           e) The right to confront and cross-examine witnesses
22  against defendant.
23           f) The right, if defendant wished, to testify on
24  defendant's own behalf and present evidence in opposition to the
25  charges, including the right to call witnesses and to subpoena
26  those witnesses to testify.
27           g) The right not to be compelled to testify, and, if
28  defendant chose not to testify or present evidence, to have that

                                  4

1  choice not be used against defendant.

2      By pleading guilty, defendant also gives up any and all

3  rights to pursue any affirmative defenses, Fourth Amendment or

4  Fifth Amendment claims, and other pretrial motions that have been

5  filed or could be filed.

6                        SENTENCING FACTORS

7      11.  Defendant understands that the Court is required to

8  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

9  including the kinds of sentence and sentencing range established

10 under the United States Sentencing Guidelines ("U.S.S.G." or

11 "Sentencing Guidelines"), in determining defendant's sentence.

12 Defendant further understands that the Sentencing Guidelines are

13 advisory only, and that after considering the Sentencing

14 Guidelines and the other § 3553(a) factors, the Court may be free

15 to exercise its discretion to impose any reasonable sentence up

16 to the maximum set by statute for the crime of conviction.

17     12.  Defendant and the USAO agree and stipulate to the

18 following applicable Sentencing Guidelines factors:

19     Base Offense Level  :     8     [U.S.S.G. § 2D1.1]

20 Defendant and the USAO reserve the right to argue that additional

21 specific offense characteristics, adjustments, and departures

22 under the Sentencing Guidelines are appropriate.  Defendant also

23 understands that defendant's base offense level could be

24 increased if defendant is a career offender under U.S.S.G. §§

25 4B1.1 and 4B1.2.  In the event that defendant's offense level is

26 so altered, the parties are not bound by the base offense level

27 stipulated to above.

28     13.  There is no agreement as to defendant's criminal

1  history or criminal history category.

2      14.  Defendant and the USAO, pursuant to the factors set

3  forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

4  (a)(7), further reserve the right to argue for a sentence outside

5  the sentencing range established by the Sentencing Guidelines.

6      15.  The stipulations in this agreement do not bind either

7  the United States Probation Office or the Court.  Both defendant

8  and the USAO are free to: (a) supplement the facts by supplying

9  relevant information to the United States Probation Office and

10  the Court, (b) correct any and all factual misstatements relating

11  to the calculation of the sentence, and (c) argue on appeal and

12  collateral review that the Court's Sentencing Guidelines

13  calculations are not error, although each party agrees to

14  maintain its view that the calculations in paragraph 12 are

15  consistent with the facts of this case.

16                    <u>DEFENDANT'S OBLIGATIONS</u>

17      16.  Defendant agrees that he will:

18          a) Plead guilty as set forth in this agreement.

19          b) Not knowingly and willfully fail to abide by all

20  sentencing stipulations contained in this agreement.

21          c) Not knowingly and willfully fail to: (i) appear for

22  all court appearances, (ii) surrender as ordered for service of

23  sentence, (iii) obey all conditions of any bond, and (iv) obey

24  any other ongoing court order in this matter.

25          d) Not commit any crime; however, offenses which would

26  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

27  not within the scope of this agreement.

28          e) Not knowingly and willfully fail to be truthful at

1  all times with Pretrial Services, the U.S. Probation Office, and

2  the Court.

3           f) Pay the applicable special assessment at or before

4  the time of sentencing unless defendant lacks the ability to pay

5  and submits a completed financial statement (form OBD-500) to the

6  USAO prior to sentencing.

                    <u>THE USAO'S OBLIGATIONS</u>

8     17.  If defendant complies fully with all defendant's

9  obligations under this agreement, the USAO agrees:

10          a) To abide by all sentencing stipulations contained in

11  this agreement.

12          b) At the time of sentencing to move to dismiss the

13  remaining counts of the First Superseding Indictment as against

14  defendant.  Defendant agrees, however, that at the time of

15  sentencing the Court may consider the dismissed counts in

16  determining the applicable Sentencing Guidelines range, where the

17  sentence should fall within that range, the propriety and extent

18  of any departure from that range, and the determination of the

19  sentence to be imposed after consideration of the Sentencing

20  Guidelines and all other relevant factors under 18 U.S.C. §

21  3553(a).

22          c) At the time of sentencing, provided that defendant

23  demonstrates an acceptance of responsibility for the offense up

24  to and including the time of sentencing, to recommend a two-level

25  reduction in the applicable sentencing guideline offense level,

26  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

27  move for an additional one-level reduction if available under

28  that section.

1          d) To recommend that defendant be sentenced to a term
2  of imprisonment at the low end of the applicable Sentencing
3  Guidelines imprisonment range provided that the total offense
4  level as calculated by the Court is 6 or higher and provided that
5  the Court does not depart downward in offense level or criminal
6  history category.  For purposes of this agreement, the low end of
7  the Sentencing Guidelines imprisonment range is that defined by
8  the Sentencing Table in U.S.S.G. Chapter 5, Part A.

9                          BREACH OF AGREEMENT

10     18.  If defendant, at any time after the execution of this
11  agreement, knowingly violates or fails to perform any of
12  defendant's agreements or obligations under this agreement ("a
13  breach"), the USAO may declare this agreement breached.  If the
14  USAO declares this agreement breached at any time following its
15  execution, and the Court finds such a breach to have occurred,
16  then: (a) if defendant has previously entered a guilty plea,
17  defendant will not be able to withdraw the guilty plea, and (b)
18  the USAO will be relieved of all of its obligations under this
19  agreement.

20     19.  Following the Court's finding of a knowing and willful
21  breach of this agreement by defendant, should the USAO elect to
22  pursue any charge that was either dismissed or not filed as a
23  result of this agreement, then:

24          a) Defendant agrees that any applicable statute of
25  limitations is tolled between the date of defendant's signing of
26  this agreement and the commencement of any such prosecution or
27  action.

28          b) Defendant gives up all defenses based on the statute

                                    8

1  of limitations, any claim of pre-indictment delay, or any speedy

2  trial claim with respect to any such prosecution or action,

3  except to the extent that such defenses existed as of the date of

4  defendant's signing this agreement.

5  c) Defendant agrees that: (i) any statements made by

6  defendant, under oath, at the guilty plea hearing (if such a

7  hearing occurred prior to the breach); (ii) the stipulated

8  factual basis statement in this agreement; and (iii) any evidence

9  derived from such statements, are admissible against defendant in

10  any such prosecution of defendant, and defendant shall assert no

11  claim under the United States Constitution, any statute, Rule 410

12  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

13  of Criminal Procedure, or any other federal rule, that the

14  statements or any evidence derived from any statements should be

15  suppressed or are inadmissible.

16  <u>LIMITED MUTUAL WAIVER OF APPEAL</u>

17  20.  Defendant gives up the right to appeal any sentence

18  imposed by the Court, and the manner in which the sentence is

19  determined, provided that (a) the sentence is within the

20  statutory maximum specified above and is constitutional, and (b)

21  the Court imposes a sentence within or below the range

22  corresponding to a total offense level of 6, and the applicable

23  criminal history category as determined by the Court.

24  Notwithstanding the foregoing, defendant retains any ability

25  defendant has to appeal the conditions of supervised release

26  imposed by the Court, with the exception of the following:

27  conditions set forth in General Orders 318, 01-05, and/or 05-02

28  of this Court; the drug testing conditions mandated by 18 U.S.C.

1  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

2  conditions authorized by 18 U.S.C. § 3563(b)(7).

3      21.  The USAO gives up its right to appeal the sentence,

4  provided that (a) the sentence is within the statutory maximum

5  specified above and is constitutional, and (b) the Court imposes

6  a sentence within or above the range corresponding to a total

7  offense level of 6, and the applicable criminal history category

8  as determined by the Court.

9                        COURT NOT A PARTY

10     22.  The Court is not a party to this agreement and need not

11  accept any of the USAO's sentencing recommendations or the

12  parties' stipulations.  Even if the Court ignores any sentencing

13  recommendation, finds facts or reaches conclusions different from

14  any stipulation, and/or imposes any sentence up to the maximum

15  established by statute, defendant cannot, for that reason,

16  withdraw defendant's guilty plea, and defendant will remain bound

17  to fulfill all defendant's obligations under this agreement.  No

18  one -- not the prosecutor, defendant's attorney, or the Court --

19  can make a binding prediction or promise regarding the sentence

20  defendant will receive, except that it will be within the

21  statutory maximum.

22                    NO ADDITIONAL AGREEMENTS

23     23.  Except as set forth herein, there are no promises,

24  understandings or agreements between the USAO and defendant or

25  defendant's counsel.  Nor may any additional agreement,

26  understanding or condition be entered into unless in a writing

27  signed by all parties or on the record in court.

28

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney. If a fully executed copy of this agreement is not returned to Assistant United States Attorney Lawrence S. Middleton by **12:00 noon on Friday, March 5, 2009**, it will be automatically withdrawn and thereafter of no legal effect or force, unless renewed by the U.S. Attorney's Office.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          3-5-09
LAWRENCE S. MIDDLETON              _____
Assistant United States Attorney    Date

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to

11

1 | enter into this agreement.  Finally, I am satisfied with the
2 | representation of my attorney in this matter.
3 |
4 | *Calvin Thomas*                          3-4-09
5 | CALVIN THOMAS                            Date
   | Defendant
6 |
7 |     I am Calvin Thomas' attorney.  I have carefully discussed
   | every part of this agreement with my client.  Further, I have
8 |
9 | fully advised my client of his rights, of possible defenses, of
   | the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
10 |
11 | relevant Sentencing Guidelines provisions, and of the
   | consequences of entering into this agreement.  To my knowledge,
12 |
13 | my client's decision to enter into this agreement is an informed
   | and voluntary one.
14 |
15 | *[signature]*                           3/4/09
16 | ROBERT A. NADLER, ESQUIRE                Date
   | Counsel for Defendant
17 | Calvin Thomas
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |